Eros Intl., PLC v Mangrove Partners (2021 NY Slip Op 00794)





Eros Intl., PLC v Mangrove Partners


2021 NY Slip Op 00794


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Oing, JJ. 


Index No. 653096/17 Appeal No. 13070 Case No. 2019-2425 

[*1]Eros International, PLC, Plaintiff-Appellant,
v
Mangrove Partners, et al. Defendants-Respondents. Manuel Asensio et al., Defendants.


Levine Lee LLP, New York (Chad P. Albert of counsel), for appellant.
Akin Gump Strauss Hauer & Feld LLP, New York (Joseph L. Sorkin of counsel), for Mangrove Partners and Nathaniel August, respondents.
Cozen O'Connor P.C., New York (Michael de Leeuw of counsel), for GeoInvesting, LLC, Christopher Irons, Daniel E. David, FG Alpha Management, LLC, FG Alpha Advisors and FG Alpha, L.P., respondents.
Fleischman Bonner & Rocco LLP, White Plains (Susan M. Davies of counsel), for ClaritySpring Inc., ClaritySpring Securities LLC and Nathan Anderson, respondents.
Dechert LLP, New York (Matthew L. Mazur of counsel), for Knight Assets & Co., LLP, and Akshay S. Naheta, respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered March 12, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the claims for defamation and defamation per se, unanimously affirmed, with costs.
Analyzing the complained-of statements according to the factors to be considered in distinguishing between fact and nonactionable opinion (see Davis v Boeheim, 24 NY3d 262, 270 [2014]), the court correctly found that the statements were accompanied by a recitation of facts on which they were based and therefore were nonactionable opinion (see Steinhilber v Alphonse, 68 NY2d 283, 289-290 [1986]; Sandals Resorts Intl. Ltd. v Google, Inc., 86 AD3d 32, 40 [1st Dept 2011]).
Most of the Mangrove defendants' tweets that plaintiff challenges follow directly from the facts on which they are based. The one tweet that departs from the pattern is nevertheless nonactionable opinion, since it says that certain results "should" prove that the company is a fraud, rather than that the results do prove fraud; the use of the word "fraud" in these circumstances does not render the tweet actionable (see 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 143 [1992], cert denied 508 US 910 [1993]; cf. Twelve Inches Around Corp. v Cisco Sys., Inc., 2009 WL 928077, *1-2, *4, 2009 US Dist LEXIS 34966, *2-3, *11-12 [SD NY March 12, 2009] [finding actionable lawyer's letter demanding that ISP take down website because it fraudulently infringed on client's website and itemizing precisely how fraud was being committed]). Moreover, the tweets come across as immediate, minute-to-minute, off-the-cuff, gut responses to comments made by plaintiff's representatives on an earnings call (see Davis, 24 NY3d at 270).
The ClaritySpring defendants' July 21, 2017 tweets feature speculation, rather than statements of fact. No conclusions are reached or accusations made, and the basis for the commentary is set forth alongside it, in a reproduced excerpt of a financial document. The one factual statement, that the company was audited and received an adverse opinion, is apparently based on the audit activity reflected in the corporate compliance document, and plaintiff does not challenge its accuracy.
The GeoInvesting defendants' March 8, 2017 article refers to class action "allegations" as "evidence" only in a hyperbolic way, saying that it will provide "what can only be described as explosive evidence." Moreover, the article reiterates that these were only allegations, repeatedly uses the words "claim" and "allegations," and says merely that allegations "seem[ed] to lend validation" to other allegations. The article's headline reports an accusation, and does not state or suggest that any accusation was proven. Plaintiff does not deny that there was a class action complaint alleging the same conduct or dispute that the article furnished a link to the complaint itself, from which a reader could draw his or her own conclusions. [*2]Moreover, plaintiff does not mention that, the GeoInvesting defendants' March 16, 2017 article, about which it also complains, quotes plaintiff as saying that the lawsuit was "without merit" and that the court was "considering its dismissal." With respect to the March 16, 2017 article, while plaintiff contends that defendants failed to adequately inform readers that its line of credit had been extended, the article does say that, and says it, moreover, in boldface type.
The March 29, 2017 article is similarly nonactionable. Contrary to plaintiff's contention, the article repeatedly dates the expose of certain film executives discussing laundering money through their films to 2012. It says that the GeoInvesting defendants do not allege that plaintiff is involved with money laundering, although others do, and plaintiff does not deny that such "others" exist. Moreover, each GeoInvesting article contained a disclaimer as to the accuracy of any information reported therein, which, in conjunction with the above-discussed circumstances, supports the conclusion that a reasonable reader would construe the statements not as fact but as opinion (see Davis, 24 NY3d at 269-270).
The context of the "Market Farce" tweets weighs against a finding that these tweets are actionable. There is the name itself; there is a cartoon showing a panicked-looking individual at the bow of a boat named "E.U. Titanic"; there is the self-description: "Focused on uncovering farcical financial market and investment activity. 0% investment advice, 100% personal opinions." While one of the tweets asks when the SEC is going to investigate plaintiff, this is, as the motion court observed, more akin to an allegation to be investigated than a fact (see Sandals, 86 AD3d at 43). Moreover, the factual basis for the question is provided: "Receivables have never been higher at $241 mm & the cash is probably non-existent." The other tweet referring to nonexistent cash begins by saying, "I still believe," the language of opinion, and is part of an exchange amongst tweeters wondering why, if the company had reported cash of $167 million, it needed to raise another $30 million. Thus, the facts behind the opinion are disclosed and available for readers to interpret as they see fit.
We have considered plaintiff's remaining arguments, including that the court ignored certain actionable statements, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021